DA 12-0027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 225N

REBECCA J. SMITH,

      Petitioner and Appellee,

  v.

MICHAEL JASON BARGER,

      Respondent and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and For the County of Missoula, Cause No. DR 11-319
                      Honorable John W. Larson, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            Michael J. Barger, self-represented, Missoula, Montana

      For Appellee:

            Linda Osorio St. Peter, St. Peter Law Offices, P.C., Missoula, Montana


                              Submitted on Briefs:  August 22, 2012

                                      Decided:  October 9, 2012


Filed:

                 _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael J. Barger ("Barger"), presently 49 years of age, appeals from a Decree of Dissolution entered by the Fourth Judicial District Court, Missoula County. We Affirm.

¶3 Rebecca J. Smith ("Smith"), presently 46 years of age, and Barger were married on August 3, 2009, in Elko County, Nevada. Smith petitioned for dissolution of the marriage on May 13, 2011. Following a nine hour settlement conference with retired District Court Judge Douglas G. Harkin, the parties entered into a Settlement Agreement ("Agreement") on December 2, 2011. The Agreement repeated the undisputed allegations from the pleadings that the marriage was irretrievably broken without a possibility of reconciliation and that the parties had each been residents of Montana for more than 90 days prior to the filing of the petition. The Agreement was executed by both parties and filed with the court.

¶4 At a hearing on December 8, 2011, the court entered a Decree of Dissolution ("Decree") and incorporated the Agreement therein. During the hearing the court found the Agreement to be "fair and equitable, not unconscionable, and representing the intent of the parties." Barger did not voice any objections regarding the court's finding concerning unconscionability nor with regards to the Agreement's findings concerning residency and the irretrievable breakdown of the marriage. Moreover, Barger had not previously voiced

2

objections to the court's exercise of personal jurisdiction or Smith's allegations concerning the breakdown of the marriage at any point during the dissolution action.

¶5 On appeal, Barger attempts to contest findings that he explicitly admitted to and agreed with on more than one occasion. Specifically, Barger is now challenging the sufficiency of the Decree's findings while also arguing that the court did not properly find the Agreement to be not unconscionable and that the court failed to issue a proper temporary restraining order pursuant to § 40-4-121(3), MCA.

¶6 First, Barger argues the court failed to make necessary findings of fact concerning residency, that the marriage was irretrievably broken, and concerning conciliation pursuant to § 40-4-104(1), MCA. The Agreement specifically included an admission of residency sufficient to confer jurisdiction under § 40-4-104(1)(a), MCA. Similarly, the Agreement stated that the marriage was irretrievably broken and there was no prospect of reconciliation, satisfying § 40-4-104(1)(b)-(c), MCA. The Agreement was executed by both parties and was thereafter binding upon the court absent a finding of unconscionability. Section 40-4-201(2), MCA. The Decree incorporated the Agreement "as if fully set forth herein." Barger therefore explicitly stipulated to the findings he now contests, and the Decree expressly incorporated those stipulations by reference. Barger may not attack these findings on appeal, as "[i]t is improper to raise an issue upon appeal as to a question of law or fact after the parties have entered into a stipulation as to that law or fact." *Penn v. Burlington N.*, 185 Mont. 223, 228, 605 P.2d 600 (1980).

¶7 Similarly, Barger never contested the court's finding that the Agreement was not unconscionable. "We will not put a district court in error for a ruling or procedure in which

3

the appellant acquiesced, participated, or to which the appellant made no objection." *In re Marriage of Stevens*, 2011 MT 106, ¶ 28, 360 Mont. 344, 253 P.3d 877. Further, the Agreement provided that it was to be made part of the Decree and the Decree incorporated the Agreement. Contrary to Barger's assertion, the Decree therefore did not need to restate the court's prior finding that the terms were not unconscionable. Section 40-4-201(4)(a), MCA.

¶8 Last, Barger argues the court erred by failing to impose an "economic restraining order" upon the parties pursuant to § 40-4-121(3), MCA. Section 40-4-121(3), MCA, directs the clerk of court to issue a temporary restraining order restraining both parties from disposing of any property or cancelling any insurance coverage along with any summons the clerk issues under Title 40, Chapter 4. Here, it appears the clerk inadvertently neglected to issue such an order. However, the parties thereafter agreed to ask the court to vacate any such temporary restraining orders, including those issued pursuant to § 40-4-121(3), MCA. The court confirmed it was vacating any prior temporary orders pursuant to the Agreement at the December 8, 2011, dissolution hearing. Barger's protestations on appeal concerning the missing order are therefore barred by his prior agreement to vacate any such order. *Penn*, 185 Mont. at 228. Moreover, it would not be possible to grant any requested relief concerning missing temporary restraining orders that would have been vacated regardless of the present appeal. Barger's claims concerning the order are therefore moot. *See Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues

in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE

5